[Doc. No. 4]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| E. LIGGON-REDDING, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. 07-1863(JBS) |
| | : |
| CONGRESS TITLE, et. al., | : |
| | : |
| Defendants. | : |

**OPINION AND ORDER**

This matter is before the Court upon the Motion for Appointment of Pro Bono Counsel [Doc. No. 4] filed by *pro se* Plaintiff, E. Liggon-Redding. Plaintiff argues that she receives disability payments and cannot afford an attorney. Plaintiff further argues that she needs the help of counsel in order pursue her claims in this case. (See Plaintiff's Complaint [Doc. No. 1], at ¶18). Plaintiff filed her Complaint on April 20, 2007. She alleges that Defendants, Congress Title and Key Properties GMAC Realty, through their employees, violated 18 U.S.C. §1961-1968 by fraudulently forcing Plaintiff's husband to sell their home and permitting her husband to sell their home despite the fact that she held an ownership interest in the property.[1] Defendants have not filed responses to Plaintiff's Complaint and have not filed opposition to Plaintiff's

---

[1] Plaintiff also alleged in her Complaint that she was assaulted by police officers from the Willingboro Police Department. However, she has not alleged any direct cause of action against them and the officers are not named Defendants. Plaintiff filed a separate action on April 23, 2007 against Willingboro Township and the individual officers for violating 18 U.S.C. §§1961-1968. (See Plaintiff's Complaint [Doc. No. 1], Civil No. 07-1890(RBK), consolidated under Civil No. 06-3129(RBK)). For purposes of this Motion, the only causes of action alleged in Plaintiff's Complaint are against Defendants, Congress Title and Key Properties GMAC Realtors, for violation of 18 U.S.C. §§1961-1968.

Motion.

Plaintiff seeks appointment of legal counsel pursuant to 28 U.S.C. §1915(e). The court may, pursuant to §1915(e), request an attorney to represent an indigent plaintiff in a civil action. The statute provides in relevant part that:

> (1) [t]he court <u>may</u> request an attorney to represent any person unable to afford counsel. (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-(A) the allegation of poverty is untrue; or (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

§1915(e) (emphasis added). However, the appointment of counsel under §1915(e) is a privilege, not a statutory or constitutional right of the litigant. <u>Romano v. Brown</u>, Civil No. 04-4346(FLW), 2006 WL 2376913 at *4 (D.N.J. 2006) (citing <u>Purnell v. Lopez</u>, 903 F.Supp. 863, 864 (E.D.Pa. 1995)). Moreover, a court's power to appoint counsel pursuant to §1915(e) lies in the sole discretion of the court. <u>Parham v. Johnson</u>, 126 F.3d 454, 457 (3d Cir. 1997). <u>See</u> also <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1196 (1994). As a preliminary matter, the court is required to determine whether the claim has "some merit in fact and law." <u>Parham</u>, 126 F.3d at 457.

If the court finds the action is not frivolous and has merit, then several factors are taken into consideration:

(1) plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;

2

   (5)  whether the case will require the testimony of expert witnesses, and;
   (6)  whether the plaintiff can attain and afford counsel on his or her own behalf.

Tabron, 6 F.3d at 156-157. This list is not exhaustive, nor is any one factor determinative. Id. at 157. See also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Parham, 126 F.3d 454 (3d Cir. 1997); Hamilton v. Leavy, 117 F.3d 742, 749 (3d Cir. 1997); Christy v. Robinson, 216 F.Supp.2d 398, 409 (D.N.J. 2002). These factors ensure that courts will only appoint counsel in non-frivolous matters. Parham, 126 F.3d at 461.  Courts will only consider appointment of counsel where a plaintiff's case appears to have merit and most of the aforementioned factors are met. Parham, 126 F.3d at 461.

  Plaintiff asserts a cause of action for violation of 18 U.S.C. §§1961-1968.  After reviewing the allegations contained in Plaintiff's Complaint, the Court assumes for the purpose of deciding this Motion only, that the Complaint has made out a prima facie case against Defendants for violation of 18 U.S.C. §§1961-1968.  (This Court is not rendering any opinion as to whether Plaintiff will ultimately be successful or if her claims can withstand a Rule 12(b)(6) Motion to Dismiss or a Rule 56 Motion for Summary Judgment).  Since it has been determined that for the purpose of deciding this Motion Plaintiff's claims against Defendants meet the threshold merit requirement, the Court will now address the Parham factors described above. See Parham, 126 F.3d at 457.

  The first factor for consideration regarding Plaintiff's request for pro bono counsel is her ability to present her own case. In making this determination, the Court should consider the plaintiff's literacy, education, prior work experience, and prior litigation experience.  Tabron, 6

F.3d at 156.  A plaintiff's ability to understand English is also relevant to her ability to present her case.  Id.  Plaintiff argues that she does not have the legal training to properly pursue her claim.  While Plaintiff's lack of legal training may hinder her ability to present her case, this situation is not unique to Plaintiff and is faced by many *pro se* litigants.  This fact alone is not sufficient to warrant appointment of counsel.  Further, this Court also notes that Plaintiff has filed numerous complaints in this Court and is familiar with the applicable civil rules and filing procedures.  This factor weighs against appointing counsel for Plaintiff.

      The second factor for consideration is the complexity of the legal issues presented. In making this determination, a court is more inclined to appoint counsel when the legal issues are complex.  Id.  Where the law is not clear, it will best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.  Id.  However, comprehension alone does not equal the ability to translate understanding into presentation. Parham, 126 F.3d at 459.  Although the ultimate issue may be comprehensible, the court must appreciate the complexity of the discovery involved.  Id.  As to the claims in Plaintiff's Complaint, the applicable law is straightforward and Plaintiff should be able to comprehend the relevant legal principles without the assistance of counsel.  Therefore, this factor weighs against granting Plaintiff's Motion.

      The third factor for consideration is the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation.  The court should be aware of an indigent plaintiff's possible difficulties understanding complex discovery rules. Parham, 126 F.3d at 460. Thus, where the claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. Tabron, 6 F.3d at 156.

Since fact discovery relevant to Plaintiff's claims will involve obtaining information from interrogatories, documents and depositions, it does not appear that discovery in this case will be unduly complex.  Also, the voluntary rules for disclosure require Defendants to provide Plaintiff with records or other documentation concerning her causes of action and Defendants' defenses.  Plaintiff has also already identified many potential fact witnesses so taking their depositions should not present a problem.  Therefore, the discovery that Plaintiff needs to proceed with her claim is readily available and not overly complex.  The third factor also weighs against granting Plaintiff's Motion.

      The fourth factor for consideration is whether a case is likely to turn on credibility determinations. Though many cases turn on credibility determinations, the court should focus on whether the case is largely based on the word of one side against the word of the other side.  Parham, 126 F.3d at 460. "Thus, when considering this factor, courts should determine whether the case was solely a swearing contest." Id.  Like most cases, Plaintiff's allegations against Defendants are likely to turn on the credibility of the parties and fact witnesses.  However, this case is not likely to be "solely a swearing contest."  Id.  Based upon the facts alleged in Plaintiff's Complaint, Plaintiff may corroborate her allegations using the real estate documents regarding the property in question.  The fourth factor weighs against granting Plaintiff's Motion.

      The fifth factor for consideration is the extent expert testimony may be required.  Appointed counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156.  Based upon the allegations in Plaintiff's Complaint, it appears unlikely at this time that Plaintiff will require expert testimony to support her claims.  This factor weighs against granting Plaintiff's Motion.  The sixth and final factor for consideration is the

plaintiff's financial ability to attain and afford counsel on her own behalf.  <u>Parham</u>, 126 F.3d at 461.  Plaintiff argues that she receives disability benefits and cannot afford to pay an attorney.  Based upon the evidence before the Court, it must accept Plaintiff's representations as true.  However, as previously discussed, Plaintiff's inability to pay an attorney to handle this civil case does not necessarily require that Plaintiff's Motion be granted.

    Based upon the <u>Parham</u> factors and the facts as presented to this Court, and for the reasons discussed above,

    IT IS on this 20th day of June 2007 hereby

    ORDERED that Plaintiff's Motion for Appointment of Pro Bono Counsel is DENIED.

                                             /s/ Joel Schneider
                                              JOEL SCHNEIDER
                                              United States Magistrate Judge