(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                            :

E. LIGGON-REDDING,              :
                            :
           Plaintiff,        :
                            :
           v.               :     Civil No. 06-3129 (RBK)
                            :

TOWNSHIP OF WILLINGBORO, et al.,   :
                            :
           Defendants.     :
_____ :

E. LIGGON-REDDING,              :
                            :
           Plaintiff,        :
                            :
           v.               :     Civil No. 07-1863 (RBK)
                            :

CONGRESS TITLE, et al.,        :
                            :
           Defendants.     :     **OPINION**
_____ :

**KUGLER**, United States District Judge:

       Presently before the Court is a motion by Defendants Township of Willingboro

("Defendant Township") and William Tantum ("Defendant Tax Assessor") (collectively "County

Defendants") to dismiss the complaint brought by Plaintiff  E. Liggon-Redding  ("Plaintiff")

pursuant to Federal Rules of Civil Procedure 12(b)(6), 41(b), 15, and Local Rule 7.1(f).  Further

before the Court is a motion by Defendants Congress Title and Key Properties GMAC Realty

("GMAC") (collectively "Company Defendants") to dismiss Plaintiff's complaint pursuant to

1

Federal Rules of Civil Procedure 12(b)(6), 9(b), 41(b), 7.1(f), 15 and Local Rules 7.1(f) and

16.1(b)(4).  Further before the Court is Plaintiff's motion for leave to appeal denial of pro bono

counsel.  For the reasons set forth below, the Court will grant both County Defendants' and

Company Defendants' motions and deny Plaintiff's as moot.

## I.      BACKGROUND

Plaintiff is pro se.  She has filed multiple lawsuits arising from County Defendants'

elimination of her husband's property tax exemption for the home in which she lived and the

ultimate sale of that home, which she alleges involved fraud on the part of Company Defendants.

### A.      Case Against County Defendants

#### i.      Factual History

Plaintiff's husband owned a property located at 82 Hamilton Lane, Willingboro, New

Jersey.  Since 1999, Plaintiff's husband has received a Total Disabled Veteran's Exemption

("Exemption")  from taxation of the Willingboro property.  As part of this exemption, Plaintiff's

husband was required to file a "Further Statement" with Defendant Township every three years.

On or about June 2004, County Defendants sent a letter to all tax exempt property owners,

including Plaintiff's husband, requesting that an updated Further Statement be filed with the Tax

Assessor's Office by November 1, 2004.  The letter addressed to Plaintiff's husband was returned

to the Tax Assessor's Office with a stamp indicating that the letter was "Not Deliverable As

Addressed–Unable to Forward."  County Defendants sent a second letter on November 4, 2004,

which was likewise returned to the Tax Assessor for failure of delivery.  As a result, on

November 12, 2004, Defendant Tax Assessor sent Plaintiff's husband a Notice of Disallowance

of Claim as to Plaintiff's husband's Exemption.

In January 2005, Plaintiff, on behalf of her husband, submitted a Further Statement to County Defendants.  Upon receipt of this Further Statement, Defendant Tax Assessor determined that the Exemption should be disallowed because Plaintiff's husband had failed to file the Further Statement by the November 1, 2004 deadline.  As an additional basis for denial, Defendant Tax Assessor cited Plaintiff's failure to submit a copy of a New Jersey driver's license with the Further Statement.  The result of the disallowance was an "Added Assessment" on the 82 Hamilton Lane property.

On November 2, 2005, Plaintiff's husband filed an appeal of the Added Assessment with the Burlington County Board of Taxation.  The Burlington County Board of Taxation held a hearing on Plaintiff's husband's appeal on December 16, 2005 and reversed the Added Assessment, thereby restoring the Exemption.  Despite two appeals by Defendant Township, the reinstatement of the Exemption was ultimately upheld by the Appellate Division of New Jersey on June 22, 2006.

### ii.    Procedural History

Plaintiff filed a complaint against County Defendants on July 12, 2006 and amended her complaint on August 3, 2006.  Plaintiff alleges that the actions of County Defendants, in precluding her husband from receiving the Exemption, constitute racial and disability discrimination, resulting in the loss of "quiet enjoyment of [their] home," which Plaintiff's husband subsequently sold against her wishes.  On November 2, 2006, County Defendants filed a motion to dismiss, which the Court denied following oral argument on June 1, 2007.

On February 20, 2007, Plaintiff sought permission from the Court to amend her complaint to allege unspecified RICO claims.  Magistrate Judge Schneider denied this request on

3

April 3, 2007, citing Plaintiff's failure to comply with Local Rule 7.1(f) requiring that a party moving to amend its pleading must attach its proposed pleading or amendment. In response to Magistrate Judge Schneider's Order, Plaintiff filed a new action under Docket Number 07-1890, alleging RICO claims against County Defendants based on the same occurrences alleged in this case. This Court subsequently consolidated that action with this one by Order dated May 15, 2007, which effectively added Willingboro Police Officers Sally Landry, Kueny (Badge # 156), and White (Badge #161), as well as John Doe defendants. Plaintiff attests that both County and Company Defendants used these police officers to intimidate her and that the officers had arrested and mistreated her.

On July 13, 2007, County Defendants filed the motion to dismiss Plaintiff's RICO complaint now before the Court. A few days later, on its own motion, the Court dismissed Plaintiff's July 21, 2006 complaint for lack of standing based on Plaintiff's failure to provide proof that Plaintiff's husband was competent to execute an alleged power of attorney. Therefore, all that remains in Plaintiff's case is her RICO complaint originally filed under Docket Number 07-1890. Plaintiff opposes County Defendants' motion.

### B.    Case Against Congress Title and Key Properties GMAC Realty

Before Plaintiff's initiation of its present action against Congress Title and GMAC, she previously filed a case with this Court arising from the same events against Company Defendants as well as against Fidelity National Insurance Company under Docket Number 06-3127. In that complaint, Plaintiff alleged that her son and husband sold 82 Hamilton Lane without her permission and that Company Defendants are liable to her for her not getting the proceeds from the sale (the evidence suggests her son received the proceeds). Congress Title served as the

4

closing agent at the June 30, 2006 settlement for the sale of 82 Hamilton Lane.  At the time of the

closing, Plaintiff and her husband held title to the property, and she executed among other

documents, an affidavit of title and deed conveying title to the buyer.

Company Defendants moved to dismiss Plaintiff's complaint in the prior action on

several grounds.  The Court dismissed her prior complaint by Order and Memorandum Opinion

dated February 1, 2007 for lack of subject matter jurisdiction.  The Court stated that all parties

were citizens of New Jersey and that a federal civil RICO claim could not be gleaned from the

complaint.  On February 13, 2007, Plaintiff filed a motion for reconsideration, asking the Court

to permit her to amend her complaint to allege RICO claims, which the Court denied on March 9,

2007.  Plaintiff persisted with various appeals in this action, to no avail.

Undaunted, on April 20, 2007, Plaintiff filed the present action, a RICO complaint,

against Company Defendants, alleging that she was damaged by them when her house was sold

without her permission and she received no proceeds.  Her RICO complaint also alleges that

Company Defendants enlisted the Willingboro police officers named in her case against County

Defendants to intimidate her.

Company Defendants moved to dismiss Plaintiff's complaint on August 10, 2007.

Plaintiff opposed their motion.  On September 18, 2007, Plaintiff effected service on Defendant

GMAC, which joined in the motion to dismiss on October 19, 2007.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order
> of court, a defendant may move for dismissal of an action or any claim against the
> defendant.  Unless the court in its order for dismissal otherwise specifies, a

5

dismissal under this subdivision . . . operates as an adjudication upon the merits. While the Rule is directed at dismissal for a plaintiff's failure to prosecute a claim, a failure to comply with court orders is sufficient to constitute a lack of prosecution. Opta Sys., LLC v. Daewoo Elecs. Am., 483 F. Supp. 2d 400, 404 (D.N.J. 2007); Wortman v. Umrani, Civ. No. 05-1411, 2006 WL 2347853, at *3 (D.N.J. Aug. 11, 2006). Dismissal is an extreme sanction which is reserved for instances in which it is justly warranted. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 870 (3d Cir. 1984).

In Poulis, the Third Circuit identified six factors to evaluate when deciding whether the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether there has been a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. The decision whether to dismiss is left to the court's discretion. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). It is not necessary that all of the Poulis factors weigh against the nonmoving party in order to justify dismissal of a claim. Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992). Furthermore, the Court must evaluate a party's problematic acts in light of her behavior over the life of the case. Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 875 (3d Cir. 1994).

## III.   DISCUSSION

County Defendants argue that Plaintiff's RICO complaint warrants dismissal based on Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and on Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to comply with

6

Federal Rule of Civil Procedure 15 and Magistrate Judge Schneider's Order denying her leave to amend her complaint to allege RICO claims (which, County Defendants point out, also violates Local Rule 7.1(f)).

Company Defendants make similar arguments based on Rules 12(b)(6), 41(b), 15, and Local Rule 7.1(f). In support of their contention that Plaintiff fails to state a claim, Company Defendants attack Plaintiff's complaint for not meeting the minimum notice pleading requirements of Rule 8(a)(2), for falling far short of Rule 9(b)'s mandate to plead fraud with particularity, and for failing to set forth a coherent RICO case statement. Company Defendants also argue that Plaintiff lacks standing, does not plead injury, and that her claims are barred by res judicata.

### A.      Plaintiff's Misconduct

Plaintiff has demonstrated a pattern of circumventing Orders of this Court by filing new complaints. In her case against County Defendants, for instance, Plaintiff sought leave to amend her Complaint to include RICO claims, and Magistrate Judge Schneider denied that request by Order dated April 3, 2007. Rather than seek to correct the deficiencies cited in that Order, Plaintiff instead opted to file a new complaint and RICO case statement pursuant to Local Rule 16.1(b)(4). Similarly, after Judge Simandle declined to vacate his Order dismissing Plaintiff's case and to grant her leave to amend her complaint to allege RICO violations, she persisted by filing a new complaint containing RICO claims.

In addition, Plaintiff's RICO complaints against both County and Company Defendants amount to violations of Rule 15. Rule 15 requires that once a responsive pleading has been served, a party may only amend her pleading by leave of court or by written consent of the

7

adverse party.  Here, County Defendants filed a motion to dismiss in response to Plaintiff's initial

complaint, and then five months later, Plaintiff filed her amended complaint under the guise of a

new action.  Likewise, Plaintiff's RICO complaint against Company Defendants was essentially

an amended complaint, which she also did not have leave to file.

Moreover, Plaintiff has neglected to effect proper service on the Willingboro police

officers.  Rule 4 governs the requirements for service of process.  The Rule states that the

plaintiff is responsible for ensuring that a summons shall be served together with a copy of the

complaint within 120 days after the filing of the complaint.  Fed. R. Civ. P. 4(c), (m).  To

properly effect service on an individual, a copy of the summons and complaint must be delivered

to the individual personally or by leaving copies at the individual's home with a person of

suitable age and discretion who also lives there; alternatively, the summons and complaint can be

delivered to an agent authorized to receive service of process for the individual.  Fed. R. Civ. P.

4(e).  Plaintiff named three additional individual defendants in her RICO complaint and has

apparently yet to serve them with copies of the summons and complaint.  In Plaintiff's response

to County Defendants' motion to dismiss, she states that she effected service by faxing and

mailing her RICO complaint to County Defendants' counsel; however, that mode does not

comply with the requirements of Rule 4.

Finally, Plaintiff has also demonstrated a similar disregard for this Court's Local Rules.

Her violations of Federal Rule 15 also give rise to violations of Local Rule 7.1(f).  In addition,

while Plaintiff attempted to complete a RICO case statement in accordance with Local Rule

16.1(b)(4) with respect to Company Defendants, she still neglects to allege facts showing she is

entitled to relief under RICO.  Her RICO case statement against County Defendants is even more

superficial because she omits altogether responses to questions eight through eighteen, indicating that she would seek legal help to answer them.  In the eleven months since she filed the complaint, however, she has not attempted to supplement her allegations against County Defendants in any way.

### B.    <u>Poulis</u> Factors Applied

Applying the <u>Poulis</u> factors to Plaintiff's conduct before this Court militates in favor of dismissal.  First, Plaintiff is entirely responsible for her actions in these cases, which amount gross indifference to this Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules.  Plaintiff is not excused from compliance with the Federal Rules of Civil Procedures because she is pro se.  See <u>Sykes v. Blockbuster Video</u>, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006); <u>Kersh v. Derozier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988) ("To hold that a pro se litigant's ignorance of [the Rules] excuses his compliance with the [Rules] would automatically excuse his failure to serve his defendants timely."); <u>Townsel v. County of Contra Costa</u>, 820 F.2d 319, 320 (9th Cir. 1987) ("To hold that complete ignorance of Rule 4 . . . constitutes good cause for untimely service would allow the good cause exception to swallow the Rule.").  Accordingly, Plaintiff is solely responsible for her actions, and the first factor supports dismissal.

Both County and Company Defendants have also faced prejudice as a result of Plaintiff's misconduct.  County Defendants have been forced to defend against claims that Plaintiff has not bothered to fully articulate.  Her promise to augment her claim has gone unfulfilled.  This delay has meant that County Defendants have had to guess at the particularities of Plaintiff's claim, handicapping their ability to defend themselves.  What is more, Company Defendants have had to expend resources defending against an action in which Plaintiff alleges no facts linking

Company Defendants to Plaintiff's harm. Thus, factors two and three also weigh in favor of dismissal.

The remaining factors also suggest Plaintiff's case should be dismissed. Her actions before this Court have demonstrated considerable willfulness. She has attempted end-runs around Orders of this Court by filing new complaints involving the same occurrences to those alleged in her previous cases and seeking identical relief. Also, since Plaintiff proceeds pro se and in forma pauperis, monetary sanctions would not be an effective alternative sanction to Plaintiff's misconduct.

Lastly, from the face of Plaintiff's RICO complaints against both County and Company Defendants, it appears unlikely she could state a claim upon which relief could be granted. Significantly, in both RICO case statements, she fails to specify which of the four RICO causes of action in § 1962 she seeks to invoke. In Plaintiff's RICO case statement against County Defendants, she does not answer questions eight through eighteen, thereby omitting allegations of enterprise and pattern of racketeering activity. In her RICO case statement against Company Defendants, Plaintiff did complete each numbered inquiry; however, the facts alleged still do not coherently set forth the fraud, enterprise, or predicate acts in which Plaintiff contends Company Defendants engaged. In sum, evaluating Plaintiff's problematic conduct in light of her behavior over the life of her cases, the Court finds that the extreme sanction of dismissal is warranted as to both cases.

## IV.  CONCLUSION

Based on the foregoing reasons, this Court will grant County and Company Defendants' motions. Given that disposition, Plaintiff's pending motion for leave to appeal denial of pro

10

bono counsel will be denied as moot.  An accompanying Order shall issue today.


Dated:  3/7/08                                                    s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge

11